IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KRISTOPHER MORGAN                                                              PLAINTIFF

v.                            Civil No. 5:22-cv-05130

YOSITA PIHARA, Parole Officer, Phoenix House;
CLINT DOE, Director, Phoenix House; NICK DOE,
Director, Returning Home; DETECTIVE WILSON,
Springdale Police Department; DETECTIVE WRIGHT,
Springdale Police Department; MATTHEW DURRETT,
Prosecuting Attorney; DISTRICT COURT JUDGE MARK
LINDSAY; DISTRICT COURT JUDGE CASEY JONES;
JOHN OR JANE DOE (referred to as DD), Phoenix House;
PHOENIX HOUSE RENTALS; STATE OF ARKANSAS; and
KARAS HEALTH, Provider for Washington County Detention
Center                                                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action brought by Plaintiff, Kristopher Morgan ("Morgan") pursuant to the provisions of 42 U.S.C. § 1983. Morgan proceeds *pro se* and *in forma pauperis*. Morgan is currently incarcerated at the Washington County Detention Center ("WCDC"). A portion of the events that are the subject of this action occurred while Morgan was residing at Phoenix House, a residential recovery center for men, located in Springdale, Arkansas. The remaining events concern his incarceration at the WCDC. Morgan has sued the Defendants in both their individual and official capacities.

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable P.K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of

1

the Complaint (ECF No. 1) under 28 U.S.C. § 1915A(b). Pursuant to § 1915A(b), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I. BACKGROUND

On April 27, 2022, Morgan says his property was unlawfully searched by Yosita Pihara, a parole officer, Detective Wilson, and Detective Wright. (ECF No. 1 at 7). At the time, Morgan was living at Phoenix House. *Id.* During the search, Morgan asserts that all his confidential correspondence was rifled through and read. *Id.* He further maintains that his banking information regarding five debit cards was seized.

When Morgan was arrested, he says he was deprived of all his property. (ECF No. 1 at 7). Morgan feels he was unfairly discriminated against and ill-treated as a result of his prior sex offender charges. *Id.* In fact, he alleges he was bullied, tortured, taunted, threatened, and otherwise disrespected. *Id.* at 8. Morgan says the arrest was tantamount to human trafficking and a kidnapping. *Id.* As a result of the arrest, Morgan contends he lost his job and his progress towards becoming a productive citizen is in ruins. *Id.* at 1. Morgan asserts that Clint Doe, the director of Phoenix House, was involved in these unconscionable activities. *Id.* at 8.

During the week of May 1, 2022, while he was incarcerated at the WCDC, Morgan indicates Detectives Wilson and Wright charged him with an unspecified crime as a result of evidence found during the search. (ECF No. 1 at 9). Further, Morgan says Karas Health refused to provide him with medication. *Id.*

Morgan contends he was illegally charged by Matt Durrett, the prosecuting attorney, under the wrong statutes. (ECF No. 1 at 11). Morgan says Prosecutor Durrett and Judge Casey Jones

ignored his claims of double jeopardy and of rule violations that occurred during open court. *Id.* at 9. Morgan alleges he was discriminated against in open court because of his prior sex offender charges. *Id.* at 11. As a result of not being scheduled to appear before Judge Lindsay until October, Morgan maintains he is being subjected to six months of involuntary servitude. *Id.*

As relief, Morgan asks for an award of compensatory in the amount of 60 million dollars and punitive damages in the amount of 100 million dollars. (ECF No. 1 at 12). He also asks for an award of a house and land and transportation of his choice. *Id.*

## II.     LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting

3

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

#### A. Judicial Immunity

"Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray,* 386 U.S. 547, 553-54 (1967). The Supreme Court "has pronounced and followed this doctrine of the common law for more than a century." *Cleavinger v. Saxner,* 474 U.S. 193, 199 (1985)(citation omitted). Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) *Id*. Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)(citations omitted). Morgan's factual allegations against the Judge Jones and Judge Lindsay concern actions taken in their judicial capacity. Thus, Judge Jones and Judge Lindsay are immune from suit on the individual capacity claims.

### B. Prosecutorial Immunity

The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; s*ee also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

Immunity is not defeated by "[a]llegations of unethical conduct and improper motive in the performance of prosecutorial functions." *Sample v. City of Woodbury,* 836 F.3d 913, 916 (8th Cir. 2016). "[A] prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony . . . or withheld or suppressed exculpatory evidence." *Woodworth v. Hulshof,* 891 F.3d 1083, 1089 (8th Cir. 2018)(cleaned up).

Morgan has failed to allege Prosecutor Durrett engaged in any conduct other than prosecutorial functions. "Whatever [Prosecutor Durrett's] motives may have been . . . [his] conduct in filing [and pursuing] the charges is protected by absolute immunity." *Sample,* 836 F.3d at 916. Accordingly, Prosecutor Durrett is entitled to absolute immunity on the individual capacity claims against him. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit).

### C. Eleventh Amendment Immunity

Morgan's official capacity claims against Judge Jones, Judge Lindsay, Prosecutor Durrett,

Parole Officer Yosita, and the State of Arkansas are subject to dismissal. In Arkansas, prosecuting attorneys are officers of the state. Ark. Const. amend. 80, §20. Judges are also state officials. Ark. Const. amend. 80, § 17. Likewise, Parole Officer Pihara is employed by the Arkansas Division of Community Correction (formerly Arkansas Community Correction). The Arkansas Division of Community Correction is a state agency.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States." U.S. Const. amend XI. "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent." *Frew ex re. Frew v. Hawkins,* 540 U.S. 431, 437 (2004). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself." *Will v. Michigan Dep't. of State Police,* 491 U.S. 58, 71 (1989)(citation omitted). "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'" *Burk v. Beene,* 948 F.2d 489, 492 (8th Cir. 1991)(quoting *Edelman v. Jordan,* 415 U.S. 651, 663 (1974)).

This bar exists whether the relief sought is legal or equitable. *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Furthermore, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will,* 491 U.S. at 71.

Exceptions to the reach of the Eleventh Amendment exist only when the state has unequivocally waived its immunity or Congress has abrogated the immunity. *Hutto v. Finney,* 437 U.S. 678, 693 (1978). The State of Arkansas has not waived its sovereign immunity. *See e.g., Hadley v. North Ark. Cmty. Tech. Coll.,* 76 F.3d 1437, 1438 (8th Cir. 1996). Nor did

Congress abrogate sovereign immunity when enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). The official capacity claims against Judge Jones, Judge Lindsay, Prosecutor Durrett, Parole Officer Pihara, and the State of Arkansas are therefore barred by the Eleventh Amendment.

### D. Personal Involvement with respect to Doe Defendants

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must allege some direct involvement or personal responsibility on the part of each named Defendant for the specific constitutional violations at issue. *Id.* "A federal complaint must contain the who, what, when and where of what happened and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care,* No. 4:16-cv-1170, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016)(cleaned up). Further, supervisors may be held liable for the actions of subordinates only if they personally participated in the unconstitutional conduct or when there is a causal connection between his actions and the constitutional violation at issue. *Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997)(a general responsibility for supervising operations is insufficient to establish personal involvement); *Glick v. Sargent,* 696 F.2d 43, 415 (8th Cir. 1983)(warden must play a personal role in the constitutional deprivation).

Morgan has failed to plead specific facts establishing an actual link between these named Defendants and the alleged constitutional violations. *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017)(statement of claim requires more than "labels and conclusions or a formulaic recitation of the elements of a cause or action"). Morgan has alleged no cognizable claims against Clint Doe, Nick Doe, or John or Jane Doe.

### E.  Official Capacity Liability with respect to Named Entity Defendants

Morgan has named as Defendants Phoenix House Rentals and Karas Health. A private corporation may only be held liable for its own policies, customs, or official action that inflicted an actionable injury; it may not be held liable on a *respondeat superior* theory for actions of its employees. *Johnson v. Hamilton,* 452 F.3d 967, 973 (8th Cir. 2006); *Monell v. Dep't. of Soc. Servs.,* 436 U.S. 658, 694 (1978)(governmental entity liability).

Morgan has made no factual allegations against Phoenix House Rentals. With respect to Karas Health, Morgan has alleged its staff is not properly certified and it has "refused [him] prescription medication." He makes no allegations about any policies, customs, or deliberate action of Karas Health that caused his denial of medication. He has not named the staff member(s) who refused him medication. No plausible official liability claims have been made against Phoenix House Rentals or Karas Health.

### IV.  CONCLUSION

For these reasons, it is recommended that the following claims be **DISMISSED WITHOUT PREJUDICE:**

- All claims against Clint Doe, Nick Doe, Prosecuting Attorney Matt Durrett, District Judge Casey Jones, District Judge Mark Lindsay, John or Jane Doe, Phoenix House Rentals, the State of Arkansas, and Karas Health; and
- The official capacity claims against Parole Officer Yosita Pihara.

These claims are subject to dismiss as they are frivolous, fail to state claims upon which relief may be granted, or are against individuals immune from suit. 28 U.S.C. § 1915A(b).

By separate order the Complaint will be served on Parole Officer Pihara, Detective

Wilson, and Detective Wright.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 5th day of August 2022.

*s/* *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE