IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KRISTOPHER MORGAN                                                                                    PLAINTIFF

v.                          Civil No. 5:22-cv-05130

YOSITA PHAYPANYA, Parole Officer, Phoenix House;
DETECTIVE WILSON, Springdale Police Department; and
DETECTIVE DANNY WRIGHT, Springdale Police Department                    DEFENDANTS

**ORDER**

Before the Court for consideration are Plaintiff's Motion to Amend (ECF No. 26) and Motion for Discovery (ECF No. 27).

**Motion to Amend (ECF No. 26)**

Plaintiff's claim arises from the search of Plaintiff's property on April 27, 2022, by Parole Officer Phaypanya, Detective Wilson, and Detective Wright, and the charges arising out of the search. No other claims are asserted.

Plaintiff seeks to add as Defendants the following individuals and entities: Clint, the Director of Phoenix House; Nick, the Director of Returning Home; District Judge Casey Jones; District Judge Mark Lindsay; Detective Nelson, Springdale Police Department; Public Defender Kristen Callehoa; Public Defender Blake Chancellor; Sheriff Tim Helder, Washington County, Arkansas; County Judge Wood; Governor Asa Hutchinson; and the State of Arkansas.

Plaintiff's Motion (ECF No. 26) to add these Defendants is **granted in part and denied in part.** As already ruled in this case, Judge Casey Jones and Judge Mark Lindsay are immune from suit in their individual capacities. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); s*ee*

(ECF No. 10), *adopted in its entirety by* (ECF No. 14). Likewise, any official capacity claims against Judge Jones, Judge Lindsey, Governor Asa Hutchinson, and the State of Arkansas are subjected to dismissal due to the application of Eleventh Amendment immunity. U.S. Const. amend XI; *Frew et rel Frew v. Hawkins,* 540 U.S. 431, 437 (2004). Plaintiff's Motion is denied with respect to these parties, and Plaintiff not permitted to add them as Defendants.

Public Defenders Callehoa and Chanceller do not act under color of state law and are not subject to suit under § 1983. *Polk Cnty. v. Dodson,* 454 U.S. 312 (1981). Plaintiff will not be allowed to add these parties.

Plaintiff seeks to add County Judge Wood and Sheriff Helder as Defendants due to the conditions under which he was confined while at the Washington County Detention Center. Rule 20(a)(2) of the Federal Rules of Civil Procedure provides for permissive joinder of Defendants in one action if:

> (A)   any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B)   any question of law or fact common to all defendants will arise in the action.

*Id.* Permissive joinder is not allowed under the circumstances of this case. If Plaintiff desires to pursue a claim regarding his conditions of confinement, Plaintiff will need to file a separate lawsuit. For this reason, **the Clerk is directed to send the Plaintiff a § 1983 form complaint and *in forma pauperis* application.**

With respect to Clint and Nick, Plaintiff says in his motion to amend that they were "present or directly involved with the illegal search." (ECF No. 26, p.4). The Court will allow the Plaintiff to add these individuals back into the case. Plaintiff also indicates Detective Nelson with the Springdale Police Department was involved with the search. Plaintiff will be allowed to add

2

Detective Nelson as a Defendant. Plaintiff will be required to file an Amended Complaint adding Clint, Nick, and Detective Nelson as Defendants. For this reason, **Plaintiff is directed to submit an Amended Complaint by October 11, 2022**. The **Clerk** is directed to mail the Plaintiff a court-approved § 1983 form.

In the Amended Complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); Fed. R. Civ. P. 8. Plaintiff must repeat this process for each person he has named as a Defendant. Plaintiff is **CAUTIONED** that he must affirmatively link the conduct of each named Defendant with the specific injury he is alleged to have suffered. If he fails to do, the allegations against the particular Defendant will be dismissed for failure to state a claim.

The Plaintiff must clearly designate on the face of the document that it is a First Amended Complaint. The First Amended Complaint must be retyped or rewritten in its entirety on the court-approved form. A First Amended Complaint supersedes, or takes the place of, the original Complaint. Any cause of action that was raised in the original Complaint is waived if it is not re-asserted in the First Amended Complaint. **If Plaintiff fails to return the Amended Complaint to the Court by the October 11, 2022, deadline, this case shall be subject to dismissal.**

**Motion for Discovery (ECF No. 27)**

Plaintiff has submitted a Motion for Discovery asking that the following be produced: (1)

3

copies of any kiosk conversations from April 28, 2022, to present under the topics medical and public defender; (2) paper copies of every file opened, text or image, by a Galaxy A02.s, serial number R9PRCOR4 (owner not identified); (3) transcription of Plaintiff's arraignment on June 20, 2022; (4) paper copy of Plaintiff's arrest and conviction record as shown on ACIC; (5) transcription of Plaintiff's bond hearing on June 1st or 2nd, 2022; and (6) a paper copy of Plaintiff's criminal history report.

Plaintiff's Motion for Discovery (ECF No. 27) is **denied as premature.** Once all Defendants have answered, an initial scheduling order will be entered. The initial scheduling order will require Defendants to automatically make initial disclosures of relevant documents and/or video to Plaintiff. After that, Plaintiff may submit interrogatories, requests for production of documents, and requests for admissions to the Defendants. Plaintiff is reminded that discovery must seek items of relevance or items that would lead to the discovery of relevant evidence.

**IT IS SO ORDERED** this 20th day of September 2022.

_Christy Comstock_
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE