IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KRISTOPHER MORGAN                                                PLAINTIFF

v.                    Civil No. 5:22-cv-05130

DETECTIVE WILSON, Springdale Police Department;
DETECTIVE DANNY WRIGHT, Springdale Police
Department; DETECTIVE NELSON, Springdale
Police Department; CLINT MAJORS, Director of Phoenix
House; and NICK ROBBINS, Chief Executive Officer of
Returning Home                                            DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by Plaintiff, Kristopher Morgan ("Morgan"), pursuant to 42 U.S.C. § 1983. Morgan proceeds *pro se* and *in forma pauperis*. Morgan is currently incarcerated in the Delta Regional Unit of the Arkansas Division of Correction.

This case is before the Court on the Motion for Summary Judgment (ECF No. 66) filed by Morgan. Parole Officer Phaypanya responded to the Motion but has since been dismissed from the case. (ECF Nos. 76 & 90). Detectives Wilson, Wright, and Nelson of the Springdale Police Department, Springdale, Arkansas (collectively "the City Defendants") have responded. (ECF No. 77). Clint Majors and Nick Robbins – previously Doe Defendants – were only recently identified and service was ordered on them on February 1, 2023. (ECF No. 100). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P.K. Holmes, III, Senior United States District Judge, referred the Motion to the undersigned for the purpose of making a Report and Recommendation.

I.       BACKGROUND[1]

This case involves an alleged unlawful search of Morgan's personal property on April 27, 2022. (ECF No. 39 at 5).[2] At the time, Morgan was living at Phoenix House, a transitional living facility licensed by the Arkansas Division of Community Correction. *Id.* Morgan says he was called into the office of Clint Majors "for an incident." *Id.* Morgan alleges that Officer Phaypanya and Clint Majors immediately started "taunting, threatening, and bullying" him. *Id.* Morgan indicates he was interrogated in a disrespectful manner and coerced into violating his own constitutional rights. *Id.* at 5-6. He alleges Officer Phaypanya thereafter left the property for over an hour with Morgan's cell phone. *Id.* at 5. Morgan alleges Nick Robbins, who was less than ten feet away and behind closed doors, did nothing to stop the constitutional violations and sided with Clint Majors and Officer Phaypanya. *Id.* at 6. Morgan believes this conduct occurred because of his record as a sex offender and in light of a city ordinance that was being put into effect. *Id.* As a result of this incident, Morgan alleges he lost all of his personal possessions, including his banking information, and lost his job. *Id.* Morgan contends his progress towards becoming a productive citizen ended as a result of the search and his subsequent arrest. *Id.*

Morgan then says Officer Phaypanya and Detectives Wilson, Wright, and Nelson, illegally searched and copied his property on April 28, 2022, at the Springdale Police Department. (ECF No. 41 at 1). Morgan asserts that the warrant authorizing the search was not issued until the following day. *Id.* Morgan claims that Officer Phaypanya and Detectives Wilson, Wright, and

---

[1] The Court is utilizing the summary of the claims set forth in a prior report and recommendation (ECF No. 69). Morgan has failed to supply the Court with a statement of facts, exhibits, or affidavits, with his Summary Judgment Motion (ECF No. 66).
[2] The Amended Complaint was filed in two-parts. The first part was filed on October 19, 2022; the second part was filed the following day. (ECF Nos. 39 & 41).

Nelson "outright lied in the warrant application and have 2 stor[ies] in the Police Report." *Id.*

Morgan says he has been incarcerated since his arrest and has lost all his worldly possessions; his banking information was copied; he has been threatened by the prosecution with an "obscene amount of prison time from the charges;" and he was unable to attend the funerals of his grandfather and mother. (ECF No. 41 at 1). At the time his Amended Complaint was filed, Morgan indicates he was a pretrial detainee who had been convicted in 2021. (ECF No. 39 at 2).

As relief, Morgan seeks compensatory damages in the amount of 100 million dollars and punitive damages in the amount of 60 million dollars. (ECF No. 41 at 4). Additionally, he is requesting 500 acres of land of his choosing "tax free as long as [he] own[s] it." *Id.*

## II.     APPLICABLE STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999). A fact is "material" if it may "affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (citing *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

Morgan's Summary Judgment Motion (ECF No. 66) consists of a single page in which he asserts that the dismissal of his state criminal charges along with the City Defendants' alleged failure to provide discovery – including a copy of the prosecutor's "open file" – establishes that his "claims are indeed true, and proof has been repeatedly denied to [him] about an illegal search and seizure." (ECF No. 66). Morgan asks that Washington County be held responsible for his "illegal arrest and detention," and "slander and defamation" as a result of its posting his "name and photograph online and in print with illegal charges for all of Washington County to observe." (ECF No. 66). Morgan asserts "the time and date stamp on the digital copy of [his] phone is 100% proof needed to support all initial and follow up claims." *Id.*

The Motion for Summary Judgment (ECF No. 66) should be denied. Washington County is not a party to this lawsuit. The detectives involved in the alleged search and seizure are employed by the City of Springdale. As such, any official capacity claim is against the City of Springdale, not against Washington County. *See e.g., Crawford v. Van Buren Cnty.,* 678 F.3d 666, 669 (8th Cir. 2012) (An official capacity claim is considered a claim against the employing governmental entity).

Additionally, although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).   While compliance would not have saved his current Motion, Morgan failed to comply with Rule 56 of the Federal Rules of Civil Procedure and Rules 7.2 and 56.1 of the Local Rules for the Eastern and Western Districts of Arkansas. He failed to support his Motion with a statement of material facts as to which he contends there is no genuine dispute, failed to file a brief, or to provide any exhibits. In this regard, the Court notes that Morgan is not unfamiliar with the summary judgment process as he has several cases pending before this Court.  *See e.g., Morgan v. Hinely,* Civil No. 21-5114.   Morgan is admonished to acquaint himself with these rules if he plans to continue litigating in this district.

## IV.   CONCLUSION

For the reasons stated, it is recommended that Morgan's Motion for Summary Judgment (ECF No. 66) be **DENIED.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of February 2023.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE